# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| CURTIS JONES, JR., | * | |
| Petitioner, | * | |
| | | CASE NO. 4: 08-CV- 90002 (CDL) |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 4:96-CR-41-001(HL) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Jones was indicted in this court on May 15, 1996, in a two count Indictment charging in Count I that he conspired with others to Possess With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1), and in Count II that he aided and abetted others to Possess With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. 9 (R-1). Petitioner was tried by jury and found guilty of both Counts as charged in the Indictment on March 13, 1997. (R-39). He thereafter timely appealed his conviction to the Eleventh Circuit Court of Appeals where the same was affirmed pursuant to Eleventh Circuit Rule 36.1, on February 2, 1999. (R-52). On May 24, 1999, Petitioner filed a petition for writ of certiorari with the United States

Supreme Court, and on October 4, 1999, the same was denied.

On October 3, 2000, Petitioner Jones filed his first Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-54), which was denied on June 21, 2001 (R-77). Petitioner Jones has now filed a second Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-98) as of January 10, 2008, to which he attaches statements and affidavits of various persons regarding his step-brother, Cory Jones, allegedly having given false testimony before the grand jury and the trial jury in Petitioner Jones' trial. He contends that this second petition is excepted from the AEDPA one year statute of limitations as codified in 28 U.S.C. § 2255, because "the commencing point of the time period is 'the date on which the facts supporting the claim ... presented could have' become available through the exercise of due diligence. See e.g. 28 U.S.C. § 2255(4)" (R-98-2 at page 3). Jones adds on page 4 of his Memorandum the following:

> Being that the factual claims raised in this petition did not become available to the petitioner until he received the attached Affidavits, the Petitioner has until March 28, 2008, in which to file a Motion To Vacate, Set Aside, or Correct his Conviction and/or Sentence. Therefore, the foregoing § 2255 (4) Motion is timely filed.

An examination of the "affidavits" reveals that at some unstated date, one Kendrick Smith visited Petitioner Jones in prison and discussed speaking to Corey Jones about an affidavit recanting his former testimony. Kendrick states in his affidavit, "When I contacted Corey he stated that he sent Curtis the Affidavit; but he was a little apprehensive in regards to having it notarized, because it would be admitting that he lied." (R-98-3, Exhibit 1). In

2

fact, Corey Jones' "affidavit" is an unsworn and unnotarized statement[1] in which he recants only that he phoned Petitioner Jones from a cocaine buyers' house to allow them to speak to each other. His unsworn statement does not otherwise exculpate Petitioner. (R-98-3, Exhibit 3). Moreover, Petitioner Jones attaches to his Memorandum Exhibits 8 - 14, excerpts from the trial testimony of his step-brother, Corey Jones. Petitioner cannot maintain that, if Corey Jones swore falsely, that Petitioner did not know it at the time of trial, and that seven years to obtain affidavits or evidence in support of that contention is the due diligence required by 28 U.S.C. § 2255(4).

## Conclusion of Law

Petitioner Jones has pleaded, at best a very ambivalent case for timeliness here. However, because this is Petitioner's second Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, whether his "new" evidence resets his expired his AEDPA statute of limitations clock is a matter to be determined by the United States Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). Without authorization to consider Petitioner's second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, this court is without authority to do so.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DISMISSED so that he may petition the United States Court of Appeals for the Eleventh Circuit for authorization to

---

[1] Corey Jones unsworn and unnotarized statement may well be the result of his fear of perjury charges.

present the same to this court. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 10th day of January 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE