# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| CURTIS JONES, JR., | * | |
| Petitioner, | * | |
| | | CASE NO. 4: 08-CV- 90002 (CDL) |
| VS. | * | Rule 60(b) |
| | | CASE NO. 4:96-CR-41-001 (CDL) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner was indicted in this court on May 15, 1996, in a two count Indictment charging in Count I that he conspired with others to Possess With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1), and in Count II that he aided and abetted others to Possess With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (R -1). Petitioner was tried by jury and found guilty on March 13, 1997, of both Counts as charged in the Indictment. (R - 39). He thereafter timely appealed his conviction to the Eleventh Circuit Court of Appeals where the same waa affirmed on February 2, 1999. (R -52).

Petitioner filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R-54) on October 3, 2000, which was denied as time-barred by this Court's Order of December 6, 2000 (R- 59). Petitioner Jones filed a Motion for Reconsideration (R-60) on December 22, 2000, which was referred back to the Magistrate Judge for a second Report and Recommendation which was rendered on March 28, 2001 (R-70). On June 20, 2001, the Court adopted the Report and Recommendation (R-76) and again denied Petitioner Jones' Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Jones filed a second Motion for Reconsideration which the Court denied on July 19, 2001 (R-79). Jones filed a Notice of Appeal and both the District

Court and the Court of Appeals denied Certificates of Appealibility (R-85, 86), the latter being denied on January 23, 2002.

On April 8, 2004, Petitioner Jones filed a Motion To Dismiss Indictment (R-89), which was denied by the District Court on August 12, 2004 (R-90). On January 10, 2008, Petitioner Jones filed a successive Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R-98), which was dismissed by the Court on February 20, 2008 (R-104).

Petitioner Jones has now filed, on August 11, 2008, what he has titled Motion For Relief From Judgment Pursuant To Rule 60(b) Of The Federal Rules of Civil Procedure, Contesting The Integrity Of The District Court's Order Of June 20, 2001. (R- 107). On page 4 of his present Motion, Petitioner Jones states:

> In the instant case, the Petitioner respectfully submits that the foregoing Rule 60(b) Motion does not present a revisitation of the merits of the June 20, 2001 Order denying the § 2255 Motion, but rather, it challenges only Judge Lawson's previous ruling.[1] Therefore, based on the above mentioned facts and legal conclusion, it is obvious that the Petitioner has presented sufficient extraordinary circumstances, as required by **Rule 60(b)(6)** and mandated by *Crosby*[2], supra, to justify reopening the June 20, 2001 Order denying the Petitioner's § 2255 Motion. (emphasis added)

Petitioner's interpretation of the *Gonzalez* decision, which he cites, as stated, is correct, but he fails to follow what that case holds. In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . .
> Sitting en banc our Court found that the Supreme Court's recent

---

[1] This is the proverbial distinction without a difference.

[2] *Gonzalez v. Crosby,* 545 U.S.524, 125 S.Ct. 2641 (2005).

decision in *Calderon*[3] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions. We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[4] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The Court went on to say that if the Rule 60(b) motion, is not designed to prevent a fraud upon the court, but rather to re-open the habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Likewise, the Court had ruled earlier in 2004, *Gonzalez v. Sec'y of Dept. Of Corr.,* 366 F.3d 1253, 1277 that:

> [I]f the grounds of relief stated in the Rule 60(b) motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals authorizing the district court to consider it. The point of the rule we announce today is that the petitioner may not get around the statutory restrictions on second and successive petitions by filing a Rule 60(b) motion, unless the grounds of the motion fit within one of the two statutory exceptions.

While Petitioner contends that his only interest is in challenging the integrity of Judge Lawson's June 20, 2001 Order, he clearly seeks to have the denial of his § 2255 Motion of October 3, 2000 (R-54) and his Motion For Reconsideration (R- 60) set aside and his habeas case reopened. He seeks "relief from Judge Lawson's June 20, 2001 Order denying the Petitioner's § 2255 Motion

---

[3]*Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

[4]" 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

to Vacate and Order the Government to Show Cause why the § 2255 should not be granted." (R-107 at 5). From all of the foregoing authority, it clearly appears that this court cannot exercise jurisdiction over Petitioner's Rule 60(b) Motion until such time as it is authorized to do so by the United States Court of Appeals for the Eleventh Circuit pursuant to the trumping provisions 28 U.S.C. § 2244 (b)(3)(A), according to *Boone, Gonzalez, Gonzalez*, and *Calderon.* " When a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion." *El-Amin v. United States,* 172 Fed. Appx. 942, 946 (11th Cir. 2006)(treating Rule 60(b) motion as a successive § 2255 motion and remanding to the district court to modify its order to reflect that motion is dismissed for lack of jurisdiction).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Rule 60(b) Motion be DISMISSED pursuant to § 2244(b)(4). Petitioner may serve and file, pursuant to 28 U.S.C. § 636 (b)(1), written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th day of September 2008.

                                          S/ G. MALLON FAIRCLOTH
                                          UNITED STATES MAGISTRATE JUDGE