IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:96-cr-41-CDL-MSH |
| CURTIS JONES, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant Curtis Jones' Motion to Remit Fine Pursuant to 18 U.S.C. 3572(d)(3).  (ECF No. 134.)  Specifically, Defendant seeks remission of a fifty thousand dollar fine imposed on him as part of his sentence for conspiracy to possess with intent to distribute cocaine base.  (ECF Nos. 39, 41.)  For the reasons explained below, Defendant's motion should be denied.

## BACKGROUND

Judgment was entered against Defendant Jones on August 11, 1997.  (ECF No. 41.)  Defendant was sentenced to 292 months imprisonment, 5 years supervised release, a $50,000 fine, and a mandatory assessment of $200.00.  (*Id.*)  Defendant was ordered to pay the fine and assessment immediately and has paid the assessment in full.  (Resp. of the U.S. to Mot. to Remit Fine ¶¶ 2, 4.)  Additionally, Defendant has paid $45,744.00 of the $50,000 assessment.  (*Id.* ¶ 4.)  Defendant has a remaining obligation of $3,256 and has accrued $10,820.55 in interest.  (*Id.*)

## DISCUSSION

Defendant argues that he is unable to pay the remaining amount of his fine and interest and asserts that there is statutory authority for the sentencing court to remit his fine under the provisions of 18 U.S.C. § 3572(d)(3).  He also cites *United States v. Major*, 303 F. App'x 798 (11th Cir. 2008), to support this contention.  In *Major*, the Eleventh Circuit reversed the district court for its failure to establish a schedule of payments by which the defendant could pay the fine levied against him.  Remission, which is sought by the Defendant here, was not an issue in *Major* and the *Major* decision provides no precedent upon which Defendant can rely.

Likewise, 18 U.S.C. § 3572 provides no authority for a sentencing court to remit a fine.  Section 3572 states that defendant is entitled to have the sentencing court consider and establish a schedule by which he can pay a fine imposed upon him as part of his sentence and may have the schedule modified or adjusted.  The remission of a fine is controlled by 18 U.S.C. § 3573 and requires a petition by the government.  18 U.S.C. § 3573; *see also, e.g., United States v. Stonner*, 84 F. App'x 141, 142 (2d Cir. 2004) ("When a fine is an independent sentence term, rather than a condition of another portion of a criminal sentence, the district court may modify or remit the fine *only* upon a government petition pursuant to 18 U.S.C. § 3573.") (emphasis added).  In ruling on the Government's petition, the sentencing court "may, in the interests of justice[,] . . . remit all or part of the unpaid portion of the fine."  18 U.S.C. § 3573.

There is no authority for the sentencing court to remit all or any portion of an unpaid fine solely on a motion brought by a defendant.  In response to Defendant's

efforts here, the Government has objected.  Consequently, it is recommended that Defendant's motion be denied.[1]

## CONCLUSION

WHEREFORE, it is RECOMMENDED that Defendant's motion to remit his fine be DENIED.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 3rd day of April, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant may seek to have the Attorney General waive any unpaid interest pursuant to 18 U.S.C. 3612 (h).